■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LAVERNE WEAVER, Appellant.— Appeal by the defendant from a judgment of conviction in Delaware County Court, rendered March 1, 1971, upon a jury verdict convicting the appellant of several counts of burglary in the third degree, petit larceny and criminal mischief. The defendant was found guilty of acting with two other persons — one testified for the People, the other for the defendant — in unlawfully entering residences and camps, destroying property therein and taking personal property therefrom. The indictment following the dismissal of several counts totaled 19 different counts that were submitted to the jury. On this appeal the appellant raises several issues which are considered hereinafter seriatim. 1. *That the alleged involuntary admissions should not have been admitted.* A *Huntley* hearing was conducted by the court

at which police officers testified on behalf of the People and the defendant testified in his own defense. The court found as a fact that the statements of the defendant were voluntary and, upon the present record, such findings were proper. The issue was not pursued at the trial. 2. *Failure of the court to charge the jury on the question of voluntariness.* If, under the present circumstances, such a charge was required, there was no exception or request to charge and the issue cannot now be raised. (See *People* v. *Cefaro,* 23 N Y 2d 283.) 3. *That the court did not charge with reference to "alibi defense".* While the court did not specifically charge as to this defense, it did summarize the testimony of each of the different witnesses called as part of the defense so that the jury was familiar with the purpose of this testimony. If we were to assume that the court should have charged as to this defense, no exception was taken nor any requests made to charge and therefore, the alleged error is not reviewable on appeal. 4. *Admissibility of testimony of the defendant's plea of guilty.* While the general rule is that testimony of the plea of guilty is not admissible and "out of the case forever and for all purposes", the present circumstances constitute an exception to the rule. In *People* v. *Spitaleri* (9 N Y 2d 168) the rule was applied where a former plea was allowed in evidence, over objection, on the People's case, and where the court in its charge, discussed the plea as "in the nature of a confession" and the confession as being "a direct acknowledgement of guilt". There can be little doubt that the defendant under such circumstances was seriously prejudiced. We are here concerned with a different pattern. Several times on cross-examination of a police officer, the attorney for the defendant asked if notes had been taken by the said officer of different conversations and a list of alleged stolen items, to which the officer replied, in most instances, that he had taken such notes. Upon redirect examination by the District Attorney, the following occurred: " Q. Did you originally make some notes as to this case? A. Yes I did. Q. And you testified you don't have them with you today? What happened to them? Do you have them? A. No I don't have them. They were destroyed." The attorney for the defendant further pursued the matter by interrogation: " Q.   *  *  *   you were a witness on the trial of Brisbane, weren't you? A. Yes I was. Q. Did you have those notes with you at that trial? A. Yes I did." The District Attorney then asked: " Q. When and why did you destroy those notes? A. I destroyed the notes immediately after I was informed this defendant plead guilty to these charges." There was an innocuous reference to the notes by the District Attorney in his summation and no reference to them by either the attorney for the defendant or the court in its charge. Considering the testimony of the police officer as to why he discarded his notes in context with the rest of the testimony, it does not appear that assuming the testimony was improper, it was prejudicial to the extent of requiring a new trial. The error, if any, was due largely to the persistent questioning by the defendant's attorney concerning the notes made by the officer and that they were produced at the Brisbane trial, one of the witnesses in the present trial. The defense interposed was by way of alibi and the testimony of Marshall William Brisbane, previously convicted as one of the participants in the crime for which defendant was being tried. That the jury did not accept this defense is evident from the verdict. The sentence of the court, considering the various counts of the indictment was not excessive. The record has been closely examined and there was ample evidence from which the jury could find the defendant guilty beyond a reasonable doubt. We are satisfied that the defendant received a fair and impartial trial. Judg-

ment affirmed. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.